UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SHELBYVILLE HOSPITAL CORPORATION, d/b/a HERITAGE MEDICAL CENTER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:13-CV-88 ) |
| E. WAYNE MOSLEY, M.D., | ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Compel Defendant to Produce Documents [doc. 197]. For the reasons herein, the Court will deny the motion.

## I. BACKGROUND

The Court will begin with the more recent events leading to this case's current procedural posture, rather than recapitulate its drawn-out history. On the issue of liability, the Court previously entered summary judgment for Plaintiff Shelbyville Hospital Corp. ("Shelbyville Hospital"), finding that Defendant E. Wayne Mosley, M.D. ("Dr. Mosley") breached the parties' recruitment agreement because he failed to engage in the full-time practice of medicine in Shelbyville, Tennessee. [Memo. Op., doc. 173, at 1–31]. On the issue of damages, the Court informed the parties that it intended to hold an evidentiary hearing. [*Id.* at 30–31]. Since then, each of the parties has fully briefed the Court on the issue of damages, and Dr. Mosley has requested the opportunity "to put on proof" at the

1

hearing to show that after the breach he returned to his practice and is therefore entitled to receive a setoff, or reduction, in the amount of damages "based upon partial continued performance." [Def.'s Resp. to Mot. for Damages, doc. 180, at 2–3, 7]. The Court has scheduled the hearing for May 24, 2017. [Order Scheduling Hr'g, doc. 193, at 1].

In anticipation of the hearing, Shelbyville Hospital moves to compel Dr. Mosley, under Federal Rule of Civil Procedure 37, to produce his tax returns for the years 2013 through 2015 and execute forms that will authorize the Internal Revenue Service to release them to Shelbyville Hospital's counsel. [Pl.'s Mot. to Compel at 1]. Shelbyville Hospital maintains that the tax returns are relevant to the upcoming hearing because they will permit it to challenge Dr. Mosley's contention that he returned to his practice after the breach and is entitled to a setoff. [*Id.* at 1–2]. According to Shelbyville Hospital, it claims it "should have access to the tax returns" because they will "likely reflect that Mosley was engaged in activities other than the full-time practice of medicine in Shelbyville" and allow it "to test the veracity of Mosley's claim." [*Id.* at 7]. Specifically, it believes the tax returns will reveal that during 2013 he was working for his company Surgical Staffing Solutions, LLC in Florida, rather than in Shelbyville. [*Id.* at 4 & n.2].

Shelbyville Hospital's current request to compel production of Dr. Mosley's tax returns is a renewal of a request it made while discovery was ongoing in 2015, when it moved the Court to order Dr. Mosley to produce his "tax returns for the tax years 2008 to present." [Pl.'s First Mot. to Compel, doc. 80, at 6]. In response to Shelbyville Hospital's request, the Court compelled Dr. Mosley to produce his tax returns and to execute forms that would authorize the Internal Revenue Service to release Surgical Staffing Solutions'

2

tax returns. [Order No. 1, doc. 91, at 2; Order No. 2, doc. 104, at 1–2; Order No. 3, doc. 170, at 1–2]. After the Court awarded summary judgment to Shelbyville Hospital on the issue of liability, however, Shelbyville Hospital told the Court it no longer needed the tax returns: "Plaintiff and Defendant have indicated to the undersigned that Defendant's 2014 tax returns and the IRS Form 4506 for Surgical Staffing Solutions, LLC are relevant only to the liability issues in this case and are not relevant to the issue of damages." [Order 4, doc. 177, at 1–2].[1] As a result, the Court relieved Dr. Mosley of his obligation to produce his tax returns. [*Id.*]. For the reasons the Court already mentioned, Shelbyville Hospital now contends that Dr. Mosley's and Surgical Staffing Solutions' tax returns are pertinent to damages after all and that, under Rule 37, Dr. Mosley must produce them for the upcoming hearing. [Pl.'s Mot. to Compel at 1–2, 7, 8].[2]

## II. THE FEDERAL RULES OF CIVIL PROCEDURE

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In this vein, Rule 37(a) enables a party to move to compel discovery of relevant information. Fed. R. Civ. P. 37(a). Although the term "relevant" information is broad for purposes of discovery, *Harris v. Bornhorst*, 513 F.3d 503, 525 (6th Cir. 2008), discovery has "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

---

[1] Although the Court, in 2015, ordered Dr. Mosley to produce his tax returns from 2008 to present, only the production of Dr. Mosley's tax returns from 2014 appear to have later been a topic of dispute.
[2] Dr. Mosley has not responded to the Motion to Compel and the deadline for a response has passed. E.D. Tenn. L.R. 7.1(a), 7.2.

3

340, 351 (1978) (quotation omitted), and "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant," *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (quotation omitted).

## III. ANALYSIS

While Rule 37(a) permits a party to move to compel discovery, it applies "*during the discovery process.*" *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 208 (1999) (emphasis added) (footnote omitted); *see Snook v. Lorey*, No. 07-14270, 2009 WL 1406639, at *1 (E.D. Mich. May 19, 2009) (acknowledging that Rule 37 governs motions to compel production and sanction uncooperative behavior "in discovery"). The discovery deadline in this case—and more specifically, the deadline for filing motions to compel—expired a long time ago, [Order Amending Scheduling Order, doc. 126, at 1–2], and the Court therefore must treat Shelbyville Hospital's Motion to Compel under Rule 37 as a request to reopen discovery, *see FedEx Corp. v. United States*, No. 08-2423 Ma/P, 2011 WL 2023297, at *3 (W.D. Tenn. Mar. 28, 2011) (stating that "because fact discovery closed," the defendant's motion dealing with a discovery-related dispute "is actually a motion to reopen discovery"); *Ellis v. City of N.Y.*, 243 F.R.D. 109, 111 (S.D.N.Y. 2007) (viewing a party's motion to compel, which arose after the conclusion of discovery, as a motion to permit "additional discovery at this late stage in the case").

A district court has "substantial discretion over pretrial matters such as the conduct of discovery." *In re Wilkinson*, 137 F.3d 911, 916 (6th Cir. 1998) (Jones, J., dissenting (citing *Chem. & Indus. Corp. v. Druffel*, 301 F.2d 126, 129 (6th Cir. 1962))); *see Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999) (recognizing that discovery-

4

related matters "are in the sound discretion of the district court" and that "[w]e should not interfere with a district court's discretionary rulings concerning . . . timeliness of discovery unless we are convinced that the trial court's ruling resulted in substantial unfair prejudice to the complaining litigant" (citation omitted)). Along these lines, a district court "may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (citing *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. Oct. 21, 1998)). At least a few district courts in this circuit, however, have relied on a five-factor analysis to determine the propriety of reopening discovery after receiving an untimely motion to compel, bringing clarity to a district court's discretion in this context. These factors include: (1) whether the movant has shown good cause for reopening discovery, (2) whether the need for additional discovery is due to the movant's neglect, (3) the specificity of the discovery request, (4) the relevance of the discovery, and (5) whether the party opposing the reopening of discovery will suffer prejudice. *See FedEx Corp.*, 2011 WL 2023297 at *3; *Victory Lane Quick Oil Change, Inc. v. Hoss*, No. 07-14463, 2009 WL 777860, at *1 (E.D. Mich. Mar. 20, 2009); *U.S. Diamond & Gold v. Julius Klein Diamonds, LLC*, No. C-3-06-371, 2008 WL 2977891, at *11 (S.D. Ohio July 29, 2008); *see also Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431–32 (6th Cir. 2006). The party moving to reopen discovery has the burden of justifying it. *W. Am. Ins. Co. v. Potts*, No. 89-6091, 1990 WL 104034, at *2 (6th Cir. July 25, 1990).

As an initial matter, Shelbyville Hospital does not identify its motion for what it is—a motion to reopen discovery—failing not only to cite the appropriate legal standard

5

but also to conduct an analysis under it. Although its discovery request is not unspecific, it provides no legal basis for obtaining Dr. Mosley's tax returns at this late stage other than that they are "relevant," presumably as Federal Rule of Civil Procedure 26(b)(1) defines the term. [Pl.'s Mot. to Compel at 2, 4, 8]. The Court cannot overlook the fact, however, that Shelbyville Hospital previously requested and obtained Orders in which the Court required Dr. Mosley to produce these tax returns, only then to instruct the Court to relieve him from these Orders after it entered summary judgment. Although Shelbyville Hospital now claims that it was "Dr. Mosley [who] took the position that the information was no longer relevant" and "[t]he Magistrate Judge therefore ordered that Mosley did not have to produce the information," this account is not the whole story. [*Id.* at 1]. The Court, in relieving Dr. Mosley of his legal obligation to produce his tax returns, actually did so because *both* "counsel for Plaintiff and Defendant have indicated to the undersigned" that the information is "relevant only to the liability issues in this case" and "*not relevant* to the issue of damages." [Order 4 at 1–2 (emphasis added)].[3]

The Court can only conclude that Shelbyville Hospital, in forgoing its right to the tax returns, neglected to see the relevance they might have to damages—an oversight that the Court finds difficult to excuse now because, at the time, it had already informed the parties that damages remained an issue and would be the topic of a future hearing. Before that point, Dr. Mosley had also pleaded that he was "entitled to a setoff for his continued practice in Shelbyville." [Pl.'s Countercl., doc. 22, ¶ 36]. Shelbyville Hospital therefore

---

[3] Despite having made this representation to the Court, Shelbyville Hospital now describes the tax returns as an "issue of missing discovery." [Pl.'s Mot. to Compel at 1 n.1].

had sufficient reasons to know of the tax returns' potential relevance to damages, and it had ample opportunity to develop them in discovery—even to the extent that it succeeded in compelling their production. Because Shelbyville Hospital neglected to pursue the tax returns further, the Court is unable to conclude that good cause exists to reopen discovery now. *See, e.g.*, *Ginett*, 1998 WL 777998 at *5 (affirming the district court's denial of a motion to compel that arose after the discovery deadline because the plaintiff knew of the information at issue and its potential relevance during discovery); *Yrityspankki Skop Oyj v. Delta Funding Corp.*, No. 98Civ.7888(BSJ)(MHD), 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (declining to reopen discovery because the defendant had reason to know that the information at issue was relevant during discovery and should have developed the information at that time); *see Lore v. City of Syracuse*, 232 F.R.D. 155, 159 (N.D.N.Y 2005) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery." (citations omitted)); *see also Valente v. Univ. of Dayton*, No. 3:08-cv-225, 2009 WL 4255503, at *1 (S.D. Ohio Nov. 19, 2009) ("[A]n 'ample opportunity' to conduct discovery . . . [is] not a new opportunity do so after the discovery period . . . has expired.").

In addition, Shelbyville Hospital—after informing the Court and Dr. Mosley that the tax returns are not relevant to the issue of damages and petitioning the Court, on that basis, to relieve Dr. Mosley of his obligation to produce them—cannot now renege on its previous position without causing prejudice to Dr. Mosley. *See FedEx Corp.*, 2011 WL 2023297 at *3 (stating that "[r]eopening discovery, particularly after the parties stipulated that discovery had been completed, would be prejudicial and unfair to [the opposing

7

party]"). Even if the Court were to overlook the prejudice inherent in this situation and review Shelbyville Hospital's request based solely on the contention that Dr. Mosley's tax returns are now relevant after all, the Court would still not be convinced that it should reopen discovery. Again, although the term "relevant" information is far-reaching for purposes of discovery, *Harris*, 513 F.3d at 525, discovery nevertheless has "ultimate and necessary boundaries," *Oppenheimer Fund*, 437 U.S. at 351 (quotation omitted), and "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant," *Gruenbaum*, 270 F.R.D. at 302 (quotation omitted). The issue of whether tax returns are discoverable merely when they are relevant, or whether they deserve examination under a somewhat more heightened standard, has been subject to scrutiny by courts in this circuit—a point that Shelbyville Hospital fails to mention but is hardly incidental to its burden to show relevance.

Although no blanket privilege bars tax returns from discovery, *DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989), courts in this circuit have applied a two-part test to determine whether the discovery of tax returns is permissible. Under this test, a party seeking tax returns has to show that they (1) are relevant *and* (2) contain information that is not obtainable from other sources. *Smith v. Mpire Holdings, LLC*, No. 3:08-0549, 2010 WL 711797, at *1 (M.D. Tenn. Feb. 22, 2010); *Burket v. Hyman Lippitt, P.C.*, Nos. 05-CV-72110, 05-CV-72171, 05-CV-72221, 2007 WL 2214302, at *2 (E.D. Mich. July 27, 2007); *see Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 120 (S.D. Ohio 1982) ("Although tax returns are not privileged, there is a public policy against unnecessary disclosure, in order that taxpayers can be encouraged to file accurate returns."

8

(citation omitted)); *see also Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997) ("Courts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery. Nevertheless, judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns. Unnecessary disclosure of tax returns is to be avoided." (citations omitted)); *but see Kumar v. Hilton Hotels Corp.*, No. 08-2689 D/P, 2009 WL 3681837, at *3 (W.D. Tenn. Oct. 30, 2009) (concluding that only the question of relevance is necessary to determine whether tax returns are discoverable). The Sixth Circuit has never expressly adopted this two-part test, but it has, arguably, in one of its older opinions implicitly endorsed it. *See United Motion Theatre Co. v. Ealand*, 199 F.2d 371, 371 (6th Cir. 1952) (striking language from the district court's order requiring the production of tax returns and relying on precedent in which courts did not authorize discovery of tax returns partly because the information they contained was available elsewhere).

While this Court itself does not intend to expressly adopt this two-part test at this time—particularly without direct guidance from the Sixth Circuit—it must at least be mindful of the emphasis that its sister courts place on the public-policy concerns that have unquestionably contributed to this test's emergence. The words of caution resonating from these courts—caution against *unnecessary* disclosure of tax returns—appear to be highly relevant in this case, in which Shelbyville Hospital had the full benefit of discovery and, by its own admission, obtained evidence in discovery that has already supplied it with a portrait of Dr. Mosley's activities from 2013 to 2014. For instance, here in its motion, it tells the Court that it discovered Dr. Mosley was working for Surgical Staffing Solutions

9

in Florida "throughout 2013." [Pl.'s Mot. to Compel at 4 n.2]. Shelbyville Hospital also informs the Court that it discovered Dr. Mosley "returned in May 2014," at which time he had "at least four months remaining on his commitment" but "treated exactly one patient in Shelbyville during these four months." [*Id.* at 7 n.3]. Shelbyville Hospital appears to possess the very details concerning Dr. Mosley's activities that it contends his tax returns might contain—details concerning his activities with Surgical Staffing Solutions and his practice in Shelbyville for the contract's remainder. The Court therefore harbors doubts as to whether disclosure of Dr. Mosley's tax returns is truly necessary, not only in light of the information that Shelbyville Hospital already has in tow but also the opportunity that it likely will have to cross examine Dr. Mosley, who, again, has expressed his intention "to put on proof" at the hearing. [Def.'s Resp. to Mot. for Damages at 7]; *see generally Broadcast Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009) ("Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount[.]").

## IV. CONCLUSION

Shelbyville Hospital fails to meet its burden to justify reopening discovery, and therefore its Motion to Compel Defendant to Produce Documents [doc. 197] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge